Thomas G. Walker (ISB 1856)
COSHO HUMPHREY, LLP
1501 South Tyrell Lane
Boise, ID 83706
P. O. Box 9518
Boise, Idaho 83707-9518
Direct Phone:       (208) 639-5607
Cell Phone:         (208) 869-1508
Firm Facsimile:     (208) 338-3290
E-mail:       twalker@cosholaw.com;

Attorneys for Idaho Package Company

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

### ✯ ✯ ✯ ✯ ✯ ✯

| | |
|---|---|
| JOEY T. STAKEY,<br><br>     Plaintiff,<br><br>v.<br><br>IDAHO PACKAGE COMPANY, an Idaho corporation,<br><br>     Defendant. | Civil Action No.   1:16-cv-00115-REB<br><br>DEFENDANT IDAHO PACKAGE COMPANY'S VERIFIED ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL |

Defendant, Idaho Package Company ("IPAK") in response to the Complaint and Demand for Jury Trial ("complaint"), filed by Joey T. Stakey ("Stakey"), admits, denies and affirmatively alleges as follows:

### FIRST DEFENSE

The complaint and each claim or cause of action fails to state a claim upon which relief can be granted and should be dismissed with prejudice.

### SECOND DEFENSE

IPAK admits or denies the allegations contained in each numbered paragraph as stated below. Any allegation that is neither admitted nor denied will be deemed denied.

1. IPAK admits this Court has jurisdiction.

2. IPAK denies it engaged in any unlawful employment practices.

### Parties

3. IPAK admits that Stakey was a resident of Canyon County, Idaho during the times relevant to his allegations.

4. IPAK admits it is an Idaho corporation in good standing; it engaged in business in Idaho; its address is 6261 S. Doug Andrus Dr., Idaho Falls, ID 83402; and Douglas N. Hix is its registered agent at this address.

5. IPAK responds to the allegations in paragraph 5 as set forth in the preceding paragraphs.

6. IPAK first employed Stakey during March 2010 as a warehouse worker in its Idaho Falls facility.

7. IPAK admits Stakey worked in its Caldwell warehouse during the times relevant to his allegations.

8.    IPAK admits Rob Cirelli was Stakey's supervisor during the times relevant to Stakey's allegations.

9.    IPAK admits Stakey complained from time to time, but denies any of his complaints were for unlawful employment practices.

10.    IPAK denies the allegation in paragraph 10.

11.    IPAK denies the allegation in paragraph 11.

12.    IPAK denies the allegation in paragraph 12.

13.    IPAK denies the allegation in paragraph 13.

14.    IPAK responds to the allegations in paragraph 14 as set forth in the preceding paragraphs.

15.    IPAK denies the allegation in paragraph 15.

16.    IPAK denies the allegation in paragraph 16.

17.    IPAK denies the allegation in paragraph 17.

18.    IPAK denies the allegation in paragraph 18.

19.    IPAK responds to the allegations in paragraph 19 as set forth in the preceding paragraphs.

20.    IPAK denies the allegation in paragraph 20.

21.    IPAK denies the allegation in paragraph 21.

22.    IPAK denies the allegation in paragraph 22.

23.    IPAK denies the allegation in paragraph 23.

24.    IPAK responds to the allegations in paragraph 24 as set forth in the preceding paragraphs.

25.     IPAK denies the allegation in paragraph 25.

26.     IPAK denies the allegation in paragraph 26.

27.     IPAK denies the allegation in paragraph 27.

28.     IPAK denies the allegation in paragraph 28.

29.     IPAK denies the allegation in paragraph 29.

30.     IPAK denies the allegation in paragraph 30.

31.     IPAK denies the allegation in paragraph 31.

32.     IPAK denies the allegation in paragraph 32.

33.     IPAK denies the allegation in paragraph 33.

34.     IPAK responds to the allegations in the first sentence of paragraph 34 as set forth in the preceding paragraphs. IPAK denies the allegation in the second sentence of paragraph 34.

35.     IPAK denies the allegation in paragraph 35.

36.     IPAK denies the allegation in paragraph 36.

37.     IPAK responds to the allegations in paragraph 37 as set forth in the preceding paragraphs.

38.     IPAK denies the allegation in paragraph 38.

39.     IPAK denies the allegation in paragraph 39.

40.     IPAK denies the allegation in paragraph 40.

41.     IPAK denies that Stakey is entitled to judgment as described in paragraphs 1 through 6 of his prayer.

## AFFIRMATIVE DEFENSES

42.    The claims made in the complaint fail to state a claim against IPAK upon which relief can be granted and should be dismissed under Rule 12(b)(6), Federal Rules of Civil Procedure.

43.    The claims made in the complaint are barred by the doctrines of waiver and estoppel because of the acts, conduct, representations, and omissions by or chargeable against Stakey.

44.    The claims made in the complaint for damages, if any, are barred because Stakey did not mitigate his damages.

45.    The claims made in the complaint are barred by the doctrine of unclean hands because of the acts, conduct, representations, and omissions by or chargeable against Stakey.

46.    The claims made in the complaint are barred because Stakey did not sustain any cognizable injury or damages as a result of any act, conduct, representation or omission alleged against IPAK.

47.    The claims made in the complaint for damages, if any were actually suffered by Stakey, were proximately caused by his own negligence (which negligence was equal to or greater than the negligence, if any, of IPAK), thereby precluding any recovery by Stakey.

48.    The claims made in the complaint for damages, if any were actually suffered by Stakey, were proximately caused by his own wrongful acts and omissions, thereby precluding any recovery by Stakey.

49.     The claims made in the complaint are barred to the extent Stakey seeks recovery of fees and costs where such recovery is unavailable.

50.     As of the date of this answer and without the benefit of full discovery, IPAK is unable to fully state all affirmative defenses that may exist with respect to the complaint. Therefore, consistent with Rule 11, Federal Rules of Civil Procedure, IPAK has asserted the affirmative defenses presently known to it and believed to be applicable, but IPAK reserves the right to assert additional affirmative defenses if discovery reveals other defenses are available.

51.     IPAK is entitled to an award of its attorney's fees and costs under Idaho Code §§ 12-120(1), (3) and 12-121, and as otherwise available under applicable Idaho law and Rule 54, Federal Rule of Civil Procedure.

DATED:  June 24, 2016               COSHO HUMPHREY, LLP


                                    /s/ Thomas G. Walker
                                    THOMAS G. WALKER
                                    Attorneys for Idaho Package Company

VERIFICATION

STATE OF IDAHO        )
                      ) ss.
County of Bonneville  )

Conn Hix, being first duly sworn on oath, deposes and says:

I am Vice-President of Idaho Package Company. I have read the foregoing

Answer to Complaint and Demand for Jury Trial, know its contents, and the facts

stated are true and correct to the best of my knowledge and belief.

_____
CONN HIX

SUBSCRIBED AND SWORN to before me this **24** day of June, 2016.

```
RYAN W. WADSWORTH
NOTARY PUBLIC
STATE OF IDAHO
```

_____
Notary Public for Idaho
Residing at Bonneville county , Idaho
My Commission Expires: 11/29/2018

## CERTIFICATE OF SERVICE

I certify that on June 24, 2016, I served a true and correct copy of the foregoing Answer to Complaint and Demand for Jury Trial on the individual listed below through electronic notification to the parties registered with the U.S. Court's CM/ECF System.

Paul D. McFarlane    paul@McFarlaneLawOffices.com

McFarlane Law Offices, PLLC
1004 West Fort Street
Boise, Idaho  83702


/s/ Thomas G. Walker